## STATE v. FITTS.

An indictment, charging the selectmen of a town with willful neglect "to raise and apply" money for the relief of the family of one H., a soldier, under chapter 2584 of the Pamphlet Laws, is insufficient, if it neither shows that a sufficient amount of money for the purpose was not raised by the town, nor avers that there was no committee to apply it, legally constituted, in the town.

INDICTMENT, alleging "that Carey Hobbs, of Dorchester, in the county of Grafton, on the 22d day of August, in the year of our Lord 1862, at Dorchester aforesaid, in the county aforesaid, volunteered and enlisted in the army of the United States, and afterward, on the fifth day of September aforesaid, in the year aforesaid, was, as a member of the volunteer militia of the State of New-Hampshire, mustered into the service of the United States, and that the said Carey Hobbs was, at the time of his enlistment aforesaid, an inhabitant of said town of Dorchester; and that Sarah D. Hobbs, of Dorchester aforesaid, then and there was, and ever since has been, and now is, the wife of said Carey Hobbs; and that Mira Ellen Hobbs, Elmon Allen Hobbs, and Carrie Etta Hobbs, then and there were, ever since have been, and now are, the children of said Carey Hobbs, and under the age of sixteen years; and that the said Sarah D. Hobbs, and the said Mira Ellen Hobbs, the said Elmon Allen Hobbs, and the said Carrie Etta Hobbs, were, at the time of the said enlistment of the said Carey Hobbs as aforesaid, ever since have been, and now are, actually dependent upon him, the said Carey Hobbs, for support; and that the said Carey Hobbs did, on the said 5th day of September, in the year aforesaid, allot one quarter part of his monthly pay as a volunteer in the service of the United States as aforesaid, for the aid of the said Sarah D. Hobbs, Mira Ellen Hobbs, Elmon Allen Hobbs, and Carrie Etta Hobbs, who, on the 7th day of October, 1862, at Dorchester aforesaid, in the county of Grafton aforesaid, were, and ever since have been, and now are, indigent, and unable to support themselves, and standing in need of the aid and relief provided by law for the families of volunteers in the army of the United States; and that the aid and relief aforesaid were, on the day last aforesaid, ever since have been, and now are, imperatively demanded by the circumstances of the case; and that Thomas J. Fitts, of said Dorchester, yeoman; Benjamin Davis, of said Dorchester, and Hiram Reed, of said Dorchester, from the 1st day of September, 1862, to the time of the finding of this bill, were selectmen of said town of Dorchester, duly chosen and qualified to do and perform all the duties of selectmen of said town of Dorchester, and did act as selectmen of said town of Dorchester during all the time aforesaid, and as such selectmen were bound by law to raise a sum of money sufficient for the purpose, and apply the same for the aid and relief of the said Sarah D. Hobbs, Mira Ellen Hobbs, Elmon Allen Hobbs, and Carrie Etta Hobbs: Yet the said Thomas J. Fitts, the said Benjamin Davis, and the said Hiram Reed, on the 7th day of October aforesaid, in the year aforesaid, at Dorchester aforesaid, then and there being and acting as selectmen of said town of Dorchester, and well knowing all and singular the premises aforesaid, and then and there having satisfactory evidence thereof, not regarding their duty as such selectmen as aforesaid, but contriving and fraudulently intending to withhold from the said Sarah D. Hobbs, Mira Ellen Hobbs, Elmon Allen Hobbs, and Carrie Etta Hobbs, the aid and relief aforesaid, and to deprive them thereof, did unlawfully, knowingly, willfully and fraudulently neglect and refuse to raise and apply any

money whatever for the aid and relief of the said Sarah D. Hobbs, Mira Ellen Hobbs, Elmon Allen Hobbs, and Carrie Etta Hobbs, although thereunto specially requested on said 7th day of October, and often afterward, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

At the trial term the respondents moved to quash this indictment, and the motion was denied by the court; whereupon the respondents excepted, and the questions of law were reserved.

*T. J. Smith*, for the respondents.

*Carpenter*, Solicitor, for the State.

BARTLETT, J.  The first section of chapter 2584 of our Pamphlet Laws provides that every town shall raise money, by taxation or otherwise, and if necessary apply the same, under the direction of the selectmen, or of a committee chosen at any meeting duly held for that purpose, for the aid of the wife, &c., of any person enlisted and mustered into the military service of the United States, who was at the time of his enlistment an inhabitant of such town, if certain circumstances, set forth in the section, exist.

The indictment charges the respondents, selectmen of Dorchester, with willful neglect to raise and apply any money for the aid of the wife and children of Carey Hobbs, a soldier, enlisted and mustered into the service of the United States, who at the time of his enlistment was an inhabitant of Dorchester.

Whatever may be the duties of selectmen where their town raises no money under the provisions of this act, it can not be their duty to raise money under the act, if a sufficient amount has been raised by the town; nor can it be their duty to apply money for the aid of those dependent on soldiers, under this statute, if there is in their town a committee for that purpose, legally chosen, and qualified under the provisions of the act.  If no duty to raise or apply money under the provisions of that part of the statute on which the indictment is founded devolved upon the respondents, they can not be punishable for willful neglect so to raise and apply money.  The offense attempted to be charged here is a willful neglect of official duty, and all the facts essential to impose the duty upon them should be stated.  The indictment fails to show a state of facts that made it the duty of these respondents to raise and apply money for the aid of Sarah D. Hobbs and her children.  This defect is not cured by the allegation that the respondents " as such selectmen were bound by law to raise a sum of money sufficient for the purpose and apply the same for the aid and relief of the said Sarah," &c.  When the facts are ascertained the law determines whether the duty existed, and unless the duty existed the respondents could not be guilty of any neglect that would subject them to punishment by the criminal law.

"The indictment must contain a complete description of such facts and circumstances as will constitute the crime; a statement of

a legal result [merely] is bad." 1 Ch. Cr. Law 228*; *State* v. *Beasom,* 40 N. H. 374; *State* v. *Scammon,* 22 N. H. 46; *State* v. *Barrett,* 42 N. H. 470. All the facts stated in this indictment may be true, and yet the respondents may be innocent of any neglect of duty under the statute. *State* v. *Hoit,* 23 N. H. 359.

Exception to the ruling of the court at the trial term must be sustained, and

*The indictment must be quashed.*